IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Grace Achievement Center for Excellence ) | |
| Academies' Inc. and Reginald Evans in his ) | |
| Capacities' as an Officer and Founder ) | Civil Action No. |
| Grace Academies' Inc. ) | |
| ) | |
| Plaintiff ) | COMPLAINT AND SUMMONS |
| Vs. ) | TRIAL BY JURY DEMANDED |
| ) | |
| South Carolina Public Charter School ) | |
| District ) | |
| ) | |
| The Honorable Ellen Weaver in her Official ) | |
| Capacities as South Carolina State ) | |
| Superintendent of Education ) | |
| ) | |
| The Honorable Henry McMaster in his ) | |
| Official Capacities as Governor of the State ) | RCV'D - USDC COLA SC |
| South Carolina ) | OCT 4 '23 AM 10:14 |
| ) | |
| Defendants ) | |

## COMPLAINT

Plaintiff, Reginald Evans alleges:

1. This action is to enforce the provision of 42 U.S.C 1981. The Plaintiff claim the Defendant refusal to grant the Plaintiff a Charter to operate a Public School which the Defendant receive Federal Fund to educate the children in South Carolina was based on sex, gender, age, disability, and race discrimination.

2. The Defendant willfully did not follow the Federal Law. The reason given for denial were Pretextual and offer a series of insincere explanations for their discriminatory action.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the action under 42 U.S.C. § 1981 and Venue is proper in this judicial district. Federal District Court have subject matter jurisdiction if a case is based on (arise under) any federal law.

4. Defendants are incorporated and or Chartered under the laws of the State of South Carolina and is responsible for public education.

5. Plaintiff is a resident of the State of South Carolina.

6. All conditions precedent to the filing of this suit have been performed by the Plaintiff or have occurred.

## BACKGROUND AND FACTUAL ALLEGATION

7. Applicant submitted a Letter of Intent to submit a charter application to the District and SCDE on or before November 1, 2022.

8. District hosted an all-day training session to assist applicants in preparing the application on November 15, 2022. Applicant attended the November 15, 2022, training session.

9. District regularly circulated technical assistance materials, including informational newsletters, and had dedicated staff available to answer questions regarding preparation of the application between the November 15, 2022, training session and the February 1, 2023, SCDE Charter Application due date. Applicant received these materials in-person and via electronic mail.

10. Applicant submitted the charter application before 5:00 p.m. February 1, 2023, which is the due date and time established by the SCDE.

11. As a courtesy to all its applicant schools, District sent an email notifying Applicant that District was in receipt of Applicant's charter application on February 2, 2023.

12. As an additional courtesy to applicants, District performed a completeness check and confirmed the application was missing multiple items.

13. On February 7, 2023, District provided Applicant a copy of the District's 2023 Application Completeness Check form identifying the missing items and further informed Applicant that required components were missing or incomplete. The Completeness Check form is incorporated herein by reference.

14. In accordance with District practice, District provided Applicant an opportunity to correct the incomplete submission by 5:00 p.m. on February 9, 2023.

15. Applicant submitted a revised application in the SCDE application portal on February 8, 2023.

16. District conducted another completeness check and determined that Applicant submitted an incomplete revised application on February 9, 2023.

17. Indicator I.1.1 of the Evidence of Need and Community Support section of the SCDE Charter Application states, "Provide evidence that an adequate number of parents or legal guardians with students eligible to attend the proposed school pursuant to S.C. Code Ann. § 59-40-50 support the formation of the charter school and justify the projected per pupil allocation in the application budget."

18. The initially submitted application and the resubmission both requested a "waiver to the requirements of showing substantial or adequate parents or legal guardians and or community groups and agencies support" because "Grace Academies' Committee was advised that sharing detailed information will cause great problems in securing land and buildings for the Charter School, and Grace Academies' Committee member are longtime residents of Sumter County and understand it culture and social climate.

19. There is a myth in the county that Charter School take money and opportunities away from traditional public school."

20. District's response in its February 7, 2023, completeness check was that this section was not waivable as evidence of need is a section required by law.

21. In its revised application, Applicant included an opinion piece from the January 26, 2023, edition of the Sumter Item as evidence of need.

22. Appendix B, Evidence of Notification, of the SCDE Charter Application requires applicants to notify the local delegation of a county in which a proposed charter school is to be located (S.C. Code Ann. § 59-40-70(A)(3)). The proposed school location for Applicant is Sumter County.

23. Applicant provided evidence of a letter of notification to Senator J. Thomas McElveen, III, although it failed to notify Senator Kevin L. Johnson, and the SC House Delegates, Fawn M. Pedalino, G. Murrell Smith, J. David Weeks, or William W. "Will" Wheeler, III.

24. Appendix K, Charter Committee, of the SCDE Charter Application requires applicants to identify the committee members consistent with § 59-40-60(D)(2). Applicant's Charter Committee solely included one named individual and did not include a teacher.

25. Via certified United States Postal Service and electronic mail, District notified Applicant in correspondence dated February 15, 2023, that the revised application did not fulfill the statutory requirements of the South Carolina Charter Application or the Act. February 15, 2023, correspondence is incorporated herein by reference.

26. As stated in the February 15, 2023, correspondence, Applicant was informed that the District Board would consider the application at its regularly scheduled March 9, 2023, Board meeting, and Applicant was informed of its right to present to the Board.

27. In accordance with S.C. Code Ann. § 59-40-70 of the South Carolina Charter Schools Act of 1996 ("the Act"), the District Board scheduled a public hearing on the application for March 9, 2023.

28. At the hearing, District and the Applicant presented information to the District Board and responded to questions from the District Board. Following a proper motion and discussion, the District Board unanimously voted to deny the application.

29. S.C. Code Ann. § 59-40-70(C) requires a sponsor to deny a charter application if the application does not meet the requirements in S.C. Code Ann. § 59-40-60, does not meet the spirit or intent of the South Carolina Public Charter Schools Act, or does not demonstrate the capacity of the applicant to establish a viable charter school based upon national industry standards for authorizing charter schools.

30. An incomplete application fails to include one or more of the requirements of S.C. Code Ann. § 59-40-60 or § 59-40-70, each failure constituting an independent ground for denial. Specifically, the initial and revised applications as submitted to the SCDE application submission portal on February 1, 2023, and February 9, 2023, respectively, were missing the following:

31. The application did not include evidence of need (S.C. Code Ann. § 59-40-60(F)(4)).

32. The application did not include evidence that notices were provided to the legislative delegation (S.C. Code Ann. § 59-40-70(A)(3)).

33. The Applicant failed to form a charter committee for the charter school which includes one or more teachers, as required by the Act (S.C. Code Ann. § 59-40-60(D)(2)).

34. Further, based on the totality of information provided by the Applicant, the Applicant failed to demonstrate a substantial likelihood that it has the capacity to establish a viable school based on national industry standards of quality charter school authorization (S.C. Code Ann. § 59-40-70(C))

## TITLE VII VIOLATIONS
## COUNT 1
## Title VII, 42 U.S.C. § 1981

35. Disparate Treatment and Impact: The Defendants treat residents differently, developed a system that have disparate impact on minority students, by not providing transportation, and awarding grants and scholarships.

## TITLE VII VIOLATIONS
## COUNT2
## Title VII, 42 U.S.C. § 1981

36. Race Discrimination: The Defendants would award charter based on Race and gender.

## TITLE VII VIOLATIONS
## COUNT3
## Title VII, 42 U.S.C. § 1981

37. Religious Discrimination: The Defendants mistakenly took the Plaintiff name as Religious.

## TITLE VII VIOLATIONS
## COUNT4
## Title VII, 42 U.S.C. § 1981

38. Sex Discrimination: The Defendants denied the Plaintiff a charter and federal grant fund based on race, gender, sex and age, the Plaintiff who is a male, and the school would have been an all-male academy.

## TITLE VII VIOLATIONS
## COUNT5
## Title VII, 42 U.S.C. § 1981

39. Age Discrimination: The Defendant enacted a Law: Title 59 – Education CHAPTER 158: "Intercollegiate Athletes' Compensation for Name, Image, or Likeness. Is only for "Institution of higher learning" means any post-secondary educational institution, including a technical or comprehensive educational institution." This Age discrimination which has a great impact on minority high school students.

## **Exhausted Administrative Remedies**

40. The Plaintiff attempted to file an Appeal with the South Carolina Administrative Law Court but was not able to afford an attorney. The appeal process do not allow for discovery. The Federal Court has exclusive jurisdiction on federal law, constitutional rights, and public education.

## **CONCLUSION**

The Plaintiff believe there were no good business reasons for the application to be denied. The Plaintiff believe that based on evidence that a finder of fact will find that the reasons given were pretextual because of: 1. Inaccurate Statements 2. Lack of Documentation 3. Failure to Investigate Circumstances 4. Shifting Explanations 5. Given reasons for decision was subjective. 6. Statistics and data 7. Given reasons for denial are factually false. 8. Other applicants who had nearly identical deficiencies were given a conditional Charter. 9. The Defendant history of revoking charter it awarded and allow poor performing school to retain their charter. 10. Defendant awarding charter to schools that other districts revoked that school's charter. 11. Engaged in anticompetitive monopolization and violation of the Sherman Act. The Defendant violated 42 U.S.C. 1883 The denied of charter was based on race, sex, age, disability, and gender.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Prays that the Court grant the full owing relief:

(a) Enjoin Defendant from:

(i) subjecting Plaintiff and Residents seeking to establish a Public Charter School to discrimination and harassment based on race, sex religion and national origin; and

(ii) Retaliating against Plaintiff and Residents who engage in activity protected under provision of 42 U.S.C 1981.

(b) Order Defendant to develop and implement appropriate and effective measures designed to prevent discrimination, harassment, and retaliation, including but not limited to policies and training for employees and managers.

(c) Order Defendant to develop appropriate and effective measures to receive complaints of discrimination, harassment, and retaliation as well as a process for investigating such complaints.

(d) Award damages to Plaintiff, in the amount of Twenty-One Million Dollars and Zero Cents and similarly situated Residents to fully compensate them for their injuries caused by Defendant's discriminatory, harassing, and retaliatory conduct, pursuant to and within the statutory limitations of 42 U.S.C. § 1981 a; and

(e) Award such additional relief as justice may require, together with the United States' costs and disbursements in this action.

Respectfully Submitted:

**Dated:** October 4, 2023

Reginald Evans
P.O. Box 3388
Sumter, SC 29150
reggevans@gmail.com
803-847-6196