UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Grace Achievement Center for Excellence Academies' Inc. and Reginald Evans in his capacities as Officer and Founder,<br><br>PLAINTIFF<br><br>v.<br><br>South Carolina Public Charter School District; the Honorable Ellen Weaver; and the Honorable Henry McMaster,<br><br>DEFENDANTS | Case No. 3:23-cv-04966-JFA<br><br><br><br>**ORDER** |

## I.   INTRODUCTION

Reginald Evans, ("Evans") filed this civil action on behalf of Grace Achievement Center for Excellence Academies, Inc. ("Plaintiff") against the above-named defendants alleging various claims pursuant to 42 U.S.C. § 1981. (ECF No. 1).

The complaint was referred, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), to United States Magistrate Judge Shiva Hodges. The Magistrate Judge advised Plaintiff of the need to retain counsel on October 17, 2023. (ECF No. 5). The Magistrate Judge initially instructed Plaintiff to retain counsel by November 6, 2023, though the deadline was extended to November 27, 2023. (ECF No. 9). Plaintiff did not retain counsel. The complaint now comes before this Court for review of the Report and Recommendation ("Report") filed by the Magistrate Judge. (ECF No. 13). The Report recommends that the complaint be summarily dismissed. (ECF No. 13 at 4). The Magistrate Judge required Plaintiff to file objections by

December 19, 2023. *Id*. Evans has filed an objection to the Report. (ECF No. 17). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.   DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 13). In response to the Report, Evans filed three objections. (ECF No. 17). Evans makes generalized statements regarding his disagreement with the Report's conclusions. Accordingly, much of Evans' arguments are not properly characterized as specific objections to the Report which would allow for *de novo* review. However, the Court will address these objections below.

**A. Plaintiff's Effort to Obtain Counsel**

In the Report, the Magistrate Judge correctly noted that a corporate entity cannot appear *pro se* in federal court. (ECF No 13 at 2). Accordingly, Plaintiff was ordered by the Magistrate Judge to obtain counsel. (ECF No. 5). In the objections to the Report, Plaintiff asserts that Evans unsuccessfully made a "good faith effort to obtain counsel" to represent

Plaintiff. (ECF No. 17 at 1). Plaintiff now renews the assertion that counsel should be appointed in this case. (*See* ECF No. 11). The Court can find no authority which would support the appointment of counsel for Plaintiff. *See Mid-Cent./Sysco Food Servs., Inc. v. Reg'l Food Servs., Inc.*, 755 F. Supp. 367, 368 (D. Kan. 1991) (finding no authority to appoint counsel for corporate defendant). Moreover, there is no evidence in the record that Reginald Evans is an attorney. Accordingly, the Court overrules the objection.

### B. Evans' Independent Standing

In the second objection, it is conceded (referring to Evans) that "The undersigned may have gone beyond its scope and duties." (ECF No. 17 at 2). Implicit in this objection is the well-established fact that "artificial entities" like corporations and other business organizations may appear in court only through a licensed attorney. Evans is not an attorney. However, Evans asserts that the Magistrate Judge failed to address whether he, as an officer of Plaintiff corporation, has individual standing in this case. Evans does not make arguments in support of his apparent position that he has standing to sue on behalf of Plaintiff. There is no evidence in the record indicating that Evans suffered injury due to the conduct of the Defendants. Further, the Court is aware of no law that would provide Evans standing to sue in his own name. Accordingly, this objection is overruled.

### C. Sufficiency of Plaintiff's Factual Allegations

Plaintiff appears to object to a comment made by the Magistrate Judge in footnote four of the Report. The Magistrate Judge noted that, "The undersigned expresses no opinion about the substance of the underlying complaint." ECF No. 13 at 3. Plaintiff seems to suggest that the Magistrate Judge should have addressed the complaint on the merits.

This objection by Plaintiff misses the mark. Plaintiff's complaint is subject to dismissal due to the failure by Plaintiff to obtain counsel as ordered by the Magistrate Judge. It is necessary that Plaintiff be represented by a licensed attorney. Evans' dissatisfaction that the Magistrate Judge has dutifully applied the law is not a specific objection requiring further attention of this Court.

IV.     CONCLUSION

The Court has carefully reviewed the Report, Defendants' Complaint, and other relevant filings. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons stated by the Magistrate Judge, the Report, ECF No. 13, is **ACCEPTED**. Plaintiff's claims against Defendants are **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

March 27, 2024                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge